UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────

J.P., individually and on behalf of J.L.,

     *Plaintiff*,

- against -

New York City Department of Education

     *Defendant*.

───────────────────────────────

COMPLAINT

Case No. 1:20-cv-883
IHO No. 171908

J.P., individually and on behalf of J.L., a child with a disability, for her complaint hereby alleges:

1. This is an action brought pursuant to the fee shifting provisions of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §1415(i)(3).

2. At all times relevant to this action, Plaintiff J.P. and her son J.L. resided within the territorial jurisdiction of the defendant New York City Department of Education ("Defendant" or "Department").

3. Plaintiff J.P. is the parent of a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).

4. Defendant is a local educational agency as defined by IDEA, 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes,

regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. §1400 *et seq.* and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

5. Jurisdiction is predicated upon 28 U.S.C. §1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy.

6. Venue is predicated upon 28 U.S.C. §1391(b)(1) based upon the residence of the defendant, and upon 28 U.S.C. §1391(b)(2) based upon the location of the subject matter of this action.

**FACTUAL BACKGROUND AND EXHAUSTION OF ADMINISTRATIVE PROCESS**

7. By letter dated January 9 and July 2, 2018, Plaintiff J.P. requested a due process hearing on behalf of J.L. pursuant to 20 U.S.C. §1415(f)(1).

8. Plaintiff J.P. sought a determination that the Department had denied her son a free appropriate public education and such other relief as the impartial hearing officer would determine to be fair and just.

9. Impartial Hearing Officer ("IHO") Susan M. Barbour was assigned to the case.

10. An impartial hearing was conducted on February 13, March 23, May 29, July 25, August 27, October 2, and November 5, 2018.

11. Following the close of hearing, the IHO issued a decision ("IHO Decision") dated January 3, 2019.

12. The IHO found that the Department had denied the student a free appropriate public education for the 2017-2018 and 2018-2019 school year and ordered the Department to fund 10-month tuition either directly to the Smith School and/or to the parent as reimbursement for the 2017-2018 and 2018-2019 school year, fund the cost of the April 13, 2017 Neuropsychological Evaluation conducted by Dr. Oratio, fund the cost of the student's summer program at Smith and Forman School during the summer of 2017 and the summer of 2018, and fund the school bus transportation to and from Smith school for the 2018-2019 school year .

13. Neither party appealed the decision of the IHO.  Thus, the decision is final.

14. Plaintiff is a prevailing party by virtue of the IHO's decision.

**FIRST CAUSE OF ACTION**

15. Plaintiff repeats and realleges paragraphs 1 through 14 as if more fully set forth herein.

16. Plaintiff has submitted to the Department a request for payment for services rendered ("attorney fee claim").

17. Plaintiff has attempted, without success, to resolve the attorney fee claim.

18. Settlement negotiations have not occurred because Respondent has been unresponsive to attempts to initiate settlement discussions.

19. Plaintiff hereby demands reasonable attorney fees and expenses pursuant to 20 U.S.C. §1415(i)(3) for services rendered on the above noted administrative proceedings.

20. Defendant has not satisfied its obligation to pay attorney fees in a timely fashion.  Thus, Plaintiff demands prejudgment interest.

**SECOND CAUSE OF ACTION**

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if more fully set forth herein.

22. Plaintiff hereby demands reasonable attorney fees and expenses for services rendered on this action.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Assume jurisdiction over this action;

(2) Award to the Plaintiff costs, expenses, and attorney fees together with prejudgment interest for the administrative proceedings pursuant to 20 U.S.C. §1415;

(3) Award to Plaintiff the costs, expenses, and attorney fees of this action pursuant to 20 U.S.C. §1415; and

(4) Grant such other and further relief as the Court deems just and proper.

Dated: January 31, 2020
     New York, New York

Respectfully,

*/s/ Adam Dayan*

_____
Adam Dayan, Esq. (AD 5445)
*Attorney for Plaintiff*
Law Offices of Adam Dayan, PLLC
222 Broadway, 19th Floor
New York, New York 10038
Phone: (646) 866-7157
Facsimile: (646) 866-7541
adayan@dayanlawfirm.com